UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| HARISH SADHWANI | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 24-1235 |
| DOVER BAY SPECIALTY INSURANCE COMPANY | * | SECTION "H" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Dover Bay Specialty Insurance Company's Motion to Opt-Out of Hurricane Ida Streamlined Settlement Program. ECF No. 14. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, August 6, 2024. *See* E.D. La. L.R. 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1]

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Opt-Out (ECF No. 14) is DENIED for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff Harish Sadhwani filed suit against Dover Bay Specialty Insurance Company to recover for losses incurred as a result of Hurricane Ida, as well as extra-contractual damages, on March 23, 2023. ECF No. 1-1. Defendant removed the case to this court after being served on April 22, 2024. ECF Nos. 1, 1-2. On July 12, 2024, Defendant filed a Motion to Dismiss, arguing that Plaintiff failed to timely serve the petition in accordance with LA. CODE CIV. PROC. art. 1201(C) and FED. R. CIV. P. 4(m). ECF No. 10. Judge Milazzo denied the motion without prejudice on the basis that the Hurricane Ida CMO stays all pretrial matters until the parties comply

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

with the SSP requirements or have been allowed to opt-out of same.  ECF No. 12.  On July 29, 2024, Defendant re-filed its Motion to Dismiss simultaneously with a Motion to Opt-Out.  ECF Nos. 13, 14.  Defendant now seeks to opt-out of the Hurricane Ida SSP in order to pursue its motion to dismiss regarding service.  ECF No. 14-3 at 2.

II.     **APPLICABLE LAW AND ANALYSIS**

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims.  CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause.  *See* Section 3.

The court adopted the Hurricane Ida CMO to facilitate the speedy and orderly resolution of insurance cases arising out of Hurricane Ida through the SSP.[2]  The CMO does not define what constitutes "good cause" to opt-out of the SSP.  Nevertheless, courts have found good cause to opt-out of the SSP in some cases.[3]  This case, however, does not present any facts that would justify a finding of good cause to opt-out of the SSP.  Here, Defendant seeks to opt-out of the SSP to engage in pretrial motion practice regarding whether Plaintiff properly requested service in

---

[2] *Okpalobi v. American Nat'l Prop. & Cas. Co.*, No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024).
[3] *See Jupiter v. Tower Hill Prime Ins. Co.*, No. 23-4862, 2024 WL 1092921, at *1 (E.D. La. Mar. 13, 2024) (finding good cause where motion to dismiss raised threshold coverage issue) (citing *Okpalobi,* 2024 WL 838464, at *9 (finding good cause to allow opt-out where plaintiff has no viable claims against the insurer)); *Dupuy Storage and Forwarding, LLC v. Certain Underwriters at Lloyd's*, No. 22-4546 (E.D. La. Dec. 16, 2022) (citing *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430–31 (5th Cir. 2019), *as revised* (June 6, 2019) (citing LA. REV. STAT. § 22:868(A)(2); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) (holding that classification of a contract as an insurance contract renders the arbitration provisions unenforceable under § 22:868)); *City of Kenner v. Certain Underwriters at Lloyd's London*, No. 22-2167, 2022 WL 16961130, at *2 (E.D. La. Nov. 16, 2022) (Vance, J.) (citation omitted).

accordance with LA. CODE CIV. PROC. art. 1201(c) when his petition requested service and he delivered checks for same when filing the petition in March 2023 and then made a second request when it appeared that his requested service had not been accomplished.  *See* ECF No. 11; No. 11-1 at 9, 10-12.  Allowing the parties to engage in such pretrial motion practice hinders the efficient resolution of this matter and is contrary to the goals of the CMO.  Defendant has thus failed to establish good cause as necessary to support opt-out.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Opt Out of the Streamlined Settlement Program (ECF No. 14) is DENIED as stated herein.

New Orleans, Louisiana, this __15th__ day of August, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE